IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BETTY D. ROBINSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, ) <br> ACTING COMMISSIONER OF ) <br> SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Civil Action No. 13-1336 |

## MEMORANDUM AND ORDER OF COURT

AND NOW, this 16th day of March, 2015, upon due consideration of the parties' cross-motions for summary judgment related to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for benefits on August 11, 2010, alleging a disability onset date of January 15, 2010, due to fibromyalgia, high blood pressure, and neck, back and hip problems. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on December 2, 2011, at which plaintiff, represented by counsel, appeared and testified. On December 27, 2011, the ALJ issued a decision finding that plaintiff is not disabled. On August 2, 2013, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 57 years old at the time of the ALJ's decision and is classified as a person of advanced age under the regulations. 20 C.F.R. §404.1563(e). She has a high school education and has past relevant work experience as a case worker for the Pennsylvania Department of Welfare. In January of 2010, plaintiff retired from that position, testifying that it was a "regular" retirement and was *not* a sick-leave or disability retirement. (R. 33). Plaintiff resumed working part-time as a support specialist for the elderly and disabled in April of 2010 and continued doing so until October of 2011. However, because she did not earn enough from this part-time work for it to qualify as substantial gainful activity under the Act, the ALJ found that plaintiff has not engaged in any substantial gainful activity since her alleged onset date of January 10, 2010.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of fibromyalgia and degenerative disc disease of the cervical and lumbar spine, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at the light exertional level but with numerous restrictions necessary to accommodate her physical impairments. (R. 13).[1] Taking into account these restrictions, a vocational expert testified that, given plaintiff's age, education, work experience and residual functional capacity, she would be able to perform her past relevant work as a caseworker. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of performing her past relevant work and concluded that she is not disabled under the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

---

[1] Specifically, the ALJ found that plaintiff has the residual functional capacity to perform light work "except with no crawling, kneeling, climbing, squatting, or balancing at heights; [she] may not perform tasks requiring the operation of foot controls; [she] may not perform overhead work; [she] should have no exposure to extremes of temperature and humidity." (R. 19).

[2] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003).

Here, plaintiff raises two challenges to the ALJ's determination that plaintiff is not disabled: (1) the ALJ improperly evaluated the medical evidence in concluding that plaintiff retains the residual functional capacity for light work with restrictions; and, (2) the ALJ ignored plaintiff's 34-year prior work history in evaluating her credibility. Upon review, the court is satisfied that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence.[3] Specifically, plaintiff contends that, in finding that plaintiff retains the residual functional capacity to perform light work with restrictions, the ALJ improperly gave more credence to the report of a one-time consultative examiner while rejecting or ignoring the opinions of plaintiff's treating physicians and the state agency reviewing physician. The crux of plaintiff's argument is that the opinions from her treating physicians, supported by the state agency reviewer, "at most, support a finding that [plaintiff] can perform sedentary work; *if so, she is unable to perform her past relevant work ....*" Plaintiff's Brief in Support of Motion for Summary Judgment (Doc. # 10) at 6 (emphasis added).

---

[3] The rules by which the ALJ is to evaluate the medical evidence are well-established under the Social Security Regulations and the law of this circuit. Opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(c)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. However, when a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(c). Importantly, the opinion of any physician, including a treating physician, on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §404.1527(d); SSR 96-5p. In addition, state agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §404.1527(e)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §404.1527(e)(2)(ii); SSR 96-6p.

Even accepting solely for the sake of argument, *and without so finding*, that plaintiff is correct,[4] and that a proper evaluation of the medical evidence in this case would support a finding that plaintiff retains the residual functional capacity only for sedentary work with the restrictions otherwise found by the ALJ, plaintiff's entire argument nevertheless is undermined by the fact that the vocational expert testified that plaintiff's past relevant work as a case worker in fact would be classified as <u>sedentary</u>, (R. 53), and further testified *explicitly* that, even if plaintiff is limited to sedentary work with the enumerated restrictions, she still would be able to perform that past relevant work. (R. 54).

It is axiomatic that residual functional capacity is defined as the <u>most</u> an individual still can do in a work setting despite the limitations caused by her impairments. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 40 (3d Cir. 2001); 20 C.F.R. §404.1545(a). Thus, even assuming that the ALJ incorrectly found, based on the medical evidence, that plaintiff could perform light work with the enumerated restrictions, that finding represents the <u>most</u> plaintiff can do. Because her past relevant work was sedentary, and the vocational expert testified she could perform that sedentary job with the enumerated restrictions, any error that the ALJ may have committed in this case in evaluating the medical evidence and finding plaintiff capable of performing light work would be immaterial to the ultimate finding of not disabled at step four of the sequential evaluation process.

---

[4] To the contrary, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by the record. The ALJ adhered to the appropriate standards in evaluating the medical evidence and he adequately explained why he afforded more weight to the opinion of the consultative examiner, Dr. Kalik, than to the opinions of the treating sources or the state agency examiner, finding that Dr. Kalik's opinion was well-supported and consistent with other substantial evidence of record, (R. 20), including the objective medical findings. The ALJ outlined the medical evidence in his decision, (R. 20-21), and his evaluation of that evidence is supported by substantial evidence.

Plaintiff's second argument is that the ALJ's credibility determination is flawed because he failed to consider plaintiff's long work history. This argument is unpersuasive. While plaintiff is correct that the testimony of a claimant with a long, productive work history is to be given substantial credibility concerning her work-related limitations, that is so *only* when those limitations are supported by competent medical evidence. See Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979). And, although a claimant's work history is one of many factors the ALJ is to consider in assessing an individual's subjective complaints, 20 C.F.R. §404.1529(c)(3), the ALJ is not required to equate a long work history with credibility. See Christl v. Astrue, 2008 WL 4425817, *12 (W.D.Pa. Sept. 30, 2008).

Thus, a claimant's work history alone is not dispositive of credibility. Here, plaintiff testified at the hearing about her lengthy work history as a case worker, as well as her part-time work as a support specialist (R. 30-37), and the ALJ referred to it in his decision. (R. 18-19; 21). However, in assessing plaintiff's credibility the ALJ considered the record as a whole, and, based on his review of all of the evidence, including the medical evidence, he reasonably concluded that plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. (R. 19-20). Accordingly, plaintiff's work history in and of itself is insufficient to overcome the substantial evidence refuting plaintiff's allegations of debilitating limitations.

The court is satisfied that the ALJ properly evaluated plaintiff's allegations regarding her pain and limitations in accordance with the regulations. 20 C.F.R. §404.1529(c); see also SSR 96-7p.[5] It also is important to emphasize that the ALJ did not find plaintiff's subjective

---

[5] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

complaints <u>entirely</u> not credible. Rather, the decision makes clear that, to the extent plaintiff's allegations as to the limitations arising from her impairments are supported by the medical and other evidence, the ALJ accommodated those limitations in the residual functional capacity finding. Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible.

The record demonstrates that the ALJ adhered to the appropriate standards in evaluating plaintiff's credibility and it is not this court's function to re-weigh the evidence and arrive at its own credibility determination. Rather, this court must only determine whether the ALJ's credibility determination is supported by substantial evidence, and is satisfied that it is.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
521 Cedar Way
Suite 200
Oakmont, PA 15139

Michael Colville
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219